UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SEAN SANROMAN,

    Plaintiff,

v.                                       Case No. 6:17-cv-2068-Orl-37GJK

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY,

    Defendant.

## ORDER

On December 1, 2017, Plaintiff filed an emergency ex parte petition for a preliminary injunction. (Doc. 1 ("**Petition**").) As grounds, he claims that he will be suspended without pay from the Transportation Security Administration starting December 3, 2017, so he seeks an order enjoining the suspension. (*Id.* ¶¶ 4, 11–18.) According to him, the suspension is unfounded and a mere pretext to retaliate against Plaintiff for previously filing a whistleblower complaint. (*Id.* ¶¶ 7–10.)

On review, the Court finds that the Petition must be dismissed for noncompliance with Federal Rules of Civil Procedure 8 and 65. Rule 8(b) requires pleadings to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff failed to comply by not identifying a cause of action for his claim. Furthermore, Rule 65(a)(1) states that a "court may issue a preliminary injunction only on notice to an adverse party." Thus, Plaintiff cannot request the Court to enter an ex parte preliminary

-1-

injunction.[1]

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Emergency Ex Parte Petition for a Preliminary Injunction (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 5, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record

---

[1] To the extent Plaintiff intended to seek an ex parte temporary restraining order under Rule 65(b), such a request is not appropriate here. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).